I see that counsel are present for our next argument. John Peebles v. Terminix. James Cochran is here for the appellants, assuring this is Peebles. And James Gibson is here for the appellee, the Terminix International Company. And Mr. Cochran, you may proceed with your argument. Thank you. Good morning, and may it please the court. Obviously, we are here, not under normal circumstances, we are here under the Federal Arbitration Act. And the review permitted under the Federal Arbitration Act for the trial court and for this court is the narrowest permitted under the law. As a frequent, as a lawyer who frequently arbitrates cases, this appears to be another example of a trial court either misunderstanding its extremely narrow ability to review a confirmation of an arbitral award, or perhaps it's another example of a court attempting to expand improperly its congressional mandate. The reason that I say that is the first point of error is that the trial court Suis-Conte or ex-Maramoto vacated a portion of the arbitrator's award that was that it was never requested, that Terminix never requested or filed in this motion to vacate. Let me ask you about that, counsel. And I thought that sounded pretty obviously error, but then I, if you go back and read the arbitrator's decision and what he said was, I want a one-to-one ratio. Comp damages and impunity, impunity damages, and when he knocked out the $35,000 in cost to make it a one-to-one ratio, which is the arbitrator's decision, the district court had to reduce the punitive damages by the same amount. I know your argument is he shouldn't have knocked out the $45,000 in cost, and if you went on that, this is moot, but if you don't win on that, it seems to me that what the district court was doing, if it, take it this way, if it were stipulated the $45,000 in cost had to be knocked out. What the district court was doing was ensuring that the arbitrator's decision was honored and kept intact, because the arbitrator didn't decide it should be X dollars, the arbitrator decided it should be exactly the same as what the arbitrator called the comp damages. I don't see you have an argument there that's very strong if the district court's knocking out of the $45,000 is proper. I respectfully disagree for several reasons. The first reason is that the arbitrator set a dollar amount and then in a footnote explained several rationale or several reasons for that number. What this court is not permitted to do, there is no flexibility under Section 9 when a motion to confirm is filed. If it is not to be vacated and has not requested that it be vacated, the trial court has no discretion. It is a judgment. It cannot step in the mind or the shoes of the arbitrator and try to guess what the arbitrator would have done if the arbitrator would have known that $45,000 would be taken. Counselor, you don't have to guess. The arbitrator told us. Suppose the arbitrator said, I'm going to set it at this, but if $1 of that comp damages comes off in further review, it shouldn't, but if it does, then the punitive damages should be reduced by the same dollar amount. It would be outrageous not to do that and that's my decision. Your point would be the district court can't touch, right? That's not what the facts were in this case. I know that. I know that. That's why I said suppose. Well, it doesn't matter what the arbitrator's subsidiary findings and reasonings are and what the arbitrator's intent and stated justification is. You can't touch it. It's jurisdictional. The answer is no, you cannot. You cannot. I don't want to. I don't want to delay you on that because you've got bigger issue. Right? So as it relates to that issue, allowing the court to this order to stand would be sending a message not only to this court, but other courts that it can expand the very extremely and narrow review that is allowed by the Federal Arbitration Act. The second point. Yes, sir. These arguments were waived in the district court because they were not timely raised. Did you make this argument regarding Terminix's reliance on the incorrect arbitration agreement before the district court made its final judgment in response to the motion to vacate filed by Terminix? I don't. This argument that I'm talking about now has nothing to do with the arbitration agreement at issue, but it wouldn't matter what arbitration issue, but what arbitration clause was actually submitted before the court. The court cannot ex marimota or sua sponte not confirm an order where a party has not requested that that portion of it be vacated. But I suppose if the question is, as it relates to the other arbitration, the quote other arbitration clause. No, that issue is not raised because this court must review findings of law de novo. And it is a matter of fact that when we filed and it is an undisputed fact that when we filed our section nine motion to confirm we attached to that motion the arbitration provision that was attached to one dash two. And there were arguments that were made as to by Terminix later on as to whether that that one should or should not have been applied. But the arbitrator had the ability to decide which of even if you accept that the arbitration clause that they submitted, which was never submitted before the arbitrator and undeniably was not submitted to the AAA to initiate the arbitration or to grant the arbitrator his power to arbitrate the dispute. Even if that were there, there would be two arbitration clauses and under the applicable rules that apply, the arbitrator decides questions of arbitrability. The arbitrator has the right to decide which arbitration clause applies. And to second guess that is it is an erroneous finding of law to the extent that it was argued that is a finding of erroneous because the record clearly shows that what was before the court and what is before this court is a rule nine petition to confirm that has the only arbitration clause that was submitted before the arbitrator and then a section 12 motion to vacate that has a separate one. However, the Terminix does not dispute that the second one was not filed before the AAA. And they also do not dispute my affidavit that it was never submitted to the arbitrator. So to the extent that the affidavit of Chris King who represents the agreement submitted at arbitration and the one Terminix submitted for the court's review are one in the same is clearly erroneous because Chris King's affidavit clearly states one that the arbitration that exhibit that was filed was back page of number two was not submitted to initiate the arbitration. And then on paragraph eight stated, I cannot testify that the back page of the 2010 contract was offered into evidence at the arbitration hearing. So whether whatever standard this court were to apply, whether it be an abuse of discretion standard, or a clearly erroneous standard, as it relates to section nine and section 12 motions, findings of factor to be reviewed for to under a clearly erroneous standard. But regardless of what standard is applied, the court would not have the discretion to rewrite a party's affidavit. And the court, it would be clearly erroneous to say that he said they were one in the same, and that it was submitted at arbitration when he clearly states in paragraph one, and I cannot testify that it was. So that that issue is, is, is really without dispute. Thank you. Good morning. May it please the court. This is a dispute about arbitrator jurisdiction. This isn't about the merits of the award itself, or whether the arbitrator got the or the facts right. Instead, it's the unusual situation where the party that prevailed at arbitration is asking for a do over. And they're asking for a do over because with the benefit of hindsight, they wish that they'd argued things differently to the district court. But this isn't the time for do overs. And this isn't the time to hold that the district court was in error for failing to consider arguments that weren't properly before. The very first time, appellants argued that the 2014 arbitration provision should have controlled was after the district court had already granted terminexes motion to vacate or modify the arbitration award. This is an issue that the parties could have briefed had appellants raised it at the right time, but they didn't. And appellants have never provided any excuse, any explanation or any elaboration about this failure. And the reason why appellants didn't raise the 2014 arbitration provision until they did is clear. The parties knew that the dispute was about the arbitrators jurisdiction under the 2010 contract. And they agreed in their briefing that the issue before the lower court was whether the arbitration provision in the 2010 agreement permitted the award of attorney's fees, not whether the arbitration provision in the 2014 moisture control contract allowed that relief. The very first time that appellants argued that the arbitration provision from 2014 and the control agreement was controlling was in their rule 59 and rule 60 motion to reconsider the district court's order that rescinded the award of attorney's fees. That motion, the council, they made the argument before the court made its final judgment. They did not make the argument after the final judgment. Yes, Your Honor. So the order that granted the the motion to vacate or modify came on September 14 of 2020. And then actually, let me let me get an exact time on the final judgment for you. It was also it was dated September 15 of 2020. So the very following day, and the motion that argued that the 2014 arbitration provision should apply wasn't filed until September 23 of 2028 days after the final judgment was made. And what's critical here is that there were three separate filings with the lower court filed in response to Terminex's motion to vacate that were completely silent as to the 2014 arbitration provision. All three of those briefs made no reference whatsoever and instead agreed that the 2010 arbitration provision was the controlling provision. And now the appellants are asking this court to hold that it was an abuse of discretion for the district court to not consider those untimely arguments. Can I ask you a question? Because Yes, Your Honor. And I may be confused about the record. But when I'm looking at what appears to me to be the contract of 2014, and it's document 30 to one. And it says so it says contract date 1013 2014. And there it says Terminex will provide treatment to control or protect against certain wood destroying organisms in the specific areas noted above. This contract provided for the retreatment of a structure but does not provide for the repair of damages caused by specified wood destroying organisms. That to me seems like a termite contract. It doesn't seem to me you keep calling it this moisture barrier contract. But I don't see language in here that talks about moisture barrier. It seems to me like a standard and it specifically says wood treatment one year contract. I mean, that to me is a contract for a termite. Yes, Your Honor, if you look at the at the reverse of the agreement, it specifically disclaims any sort of termite coverage. That is a wood treatment and a moisture control document. And so what can you point to me exactly exactly in the record, the document that I should be looking at to show that is does not pertain to termites? Yes, Your Honor, I will do that. Now. It is exhibit. I'm sorry, it is document one dash two filed with the district court. And so this at the at the let's see, it's page ID. 37, I believe. I'm sorry, it's page ID 38 through 41. And so the issue here, and I'm sorry, Your Honor, I don't have the exact paragraph to point you to, I'll be able to do that if you covers is moisture control, and, and wood treatment. And so it does not pertain to here we go. Here we go. Due to the nature of construction, let's see terminus will provide treatment to control or protect. This is document one dash two. And it's page ID number 39. And what this says is due to the nature of construction, the extent of existing termite damage, the degree of termite damage and or application restrictions, this agreement does not guarantee against the present or future damage to property or contents nor provide for repairs or compensation thereof. And it does not offer any sort of protection against termites whatsoever. This is the 2014 provision that was that, that the appellants did not argue was controlling in this case until after the lower court had already granted the motion to vacate or modify the parties had an agreement. I'm looking at the demand for arbitration. Yes. And what's included in just told you about which is all this wood treatment one year and it's clearly 2014 because it says contract a 1013 2014. And what is also included Your Honor, if you look at the proceeding page is the 2010 Alabama defined termite protection plan. And this is the termite agreement that was submitted with the arbitration demand. And this is the I'm looking at I mean, I mean, it's black and white in front of me. So it's demand for arbitration 30 to one, right, I'm looking at page page 11 of 49 page 1249, which also says date john people's and the representative for terminic signed it on 1013 2014. And then the behind the page of that talks about talks about arbitration and it's in the entire agreement. So, and it talks has mandatory arbitration here. So I'm just looking at what was presented as the demand for arbitration. So I don't know how we get to a 20 2010 agreement that's not part of the demand for arbitration. Your Honor, the the 2010 termite contract was attached. And I apologize, I have the document number from the lower court. It was document one dash two with the lower court filed 1211 19. It's page number 37 page ID number 37 in the lower court. And this is the 2010 Alabama defined termite protection plan. And so the arbitration demand included both the 2010 contract and the 2014 contract. Then when in the 2010 contract expressly incorporates the arbitration provision included in it, which says any additional provisions attached here to including the mandatory arbitration agreement and the other terms and conditions on the reverse side and the inspection graph dated are part of this plan. And so this is the 2010 agreement that was included with the arbitration demand and filed in the lower court and made part of this appellate record. And that is the agreement that has the express bar on the award of attorneys fees. That is a remedial limitation that controls the arbitrator's jurisdiction in this case. Again, I'm having trouble with that. I'm sorry, just go ahead. No, you go ahead. I'm sort of befuddled because I mean, I'm looking at the demand for arbitration. And the only demand for arbitration that I have in front of me has a contract that is 2014. So and it has language in there that has mandatory arbitration language, it doesn't have anything prohibiting a word of attorneys fees. It says it's the entire agreement. There's a governing law, there's a severability provision. I'm a little befuddled, but hopefully, hopefully you can address it. And let's let's see what Judge Barnes has to say. Yeah, and I think I may be able to clarify that when the arbor when the petitioners file their demand for arbitration, and I'm looking at the 11th circuit record here. And it was filed with the 11th circuit on 1211 20. It's page number 29 of 402 of the appellate record. That is a separate contract from the page that follows, which is page 30. And that relates to the moisture moisture control agreement. So one is a 2010 contracts and one is a 2014 contract. Well, what I'm looking at is the demand for arbitration. It's document 32 one, and it's all consecutive page seven, page eight, page nine, page 10. Page 11, page 12. I mean, it goes on to page 16. So it's part of an exhibit. And Your Honor, I don't I don't have the exact same page references that you have, but the parties, there is no dispute that the 2010 the front page of the 2010 termite control contract was filed along with the what I'm referring to here, this is actually attached to the affidavit of Christian King, who I believe that's, I understand now, that's, that's the confusion here. So, so in Mr. King's affidavit, Mr. King discussed the fact that the 2010 contract was filed along with the petition for arbitration in the front page only in the 2014 contract was filed in total. And so the critical issue, the reason that the court need not address this issue of the 2010 versus 2014 agreement is because when the motion to vacate or modify was pending before the lower court, the parties agreed that the 2010 arbitration provision control, there was an at all times before the motion to vacate or modify was granted was that the 2010 arbitration provision. And where, where, where is that in the record? Is there a stipulation by the parties? Where is that in the record? There, there are three separate filings that the that the appellants filed. And so in each of those filings, the briefing explained why the 2010 provision applied. So first, they quote, argue that quote, the remedy stripping clause should be vitiated, close quote, they argued that quote, hiding behind a limiting agreement in the contract, close quote was improper. And the district court pointed out that there is no remedy stripping clause, and no limiting agreement in the 2014 arbitration provision, it's only in the 2010 arbitration provision. And in that case, the court said that it was quote, elusively clear that the appellants agreed that the 2010 arbitration provision was controlling, and that the issue before the court was that the 2010 arbitration provision had a limitation on the ability to award attorneys fees that that was that was the lower court's term, it was elusively clear. And so when the court considered the Rule 59 and Rule 60 motion, it determined that those arguments had been waived because the 2014 argument was was raised for the very first time, eight days after the judgment was entered. So the judge the award vacating the award, I'm sorry, the order vacating the award of attorneys fees was entered on September 14. The final judgment was September 15. And then the motion to make a motion to reconsider the Rule 59 Rule 60 motion wasn't filed until September 23, at all intervening times between terminex filing its motion to vacate or modify the arbitration award on December 27. And up until September 23, that's an almost nine month period, the position of the appellants was that the 2010 arbitration provision control, there was no reference in any of the three separate filings from the appellants in that time period to the 2014 arbitration provision whatsoever, there was there was a there was a meeting of the mind, so to speak about that. And so what the court has to consider here is the jurisdictional limitation on the on the arbitrators ability to award attorneys fees. There is no doubt that the language of the it says, quote, each party shall be responsible for paying the back side of the agreement, which was never submitted to the arbitrator, that limitation. The front page, which was submitted to the arbitrator does not have that limitation. Your Honor, a couple of points on that. Number one, it is unclear whether the reverse side was ever submitted to the arbitrator in any capacity, we have acknowledged that we can't affirm it. Then you lose on the issue, because you're the one asking the court to affirm setting aside an arbitrator's decision, which is extremely difficult. And then you come to us and say, but we don't know if it was submitted to the arbitrator or not. Your Honor, I respectfully did you ever that? No, I asked this question. Did you ever tell the district court? backside? I'm sorry, before the district court's decision was issued. Did you tell the district court that the backside of the 2014? I'm sorry, the 2010 agreement was not submitted to or may not have been submitted to the arbitrator. Your Honor, we did not raise that issue. Because there was an agreement there was no one was aware of that. At that point, the parties agreed in the briefing that the 2010 provision controlled and we know, and the parties agree in the briefing that the backside of the 2010 agreement controlled, even if it were not submitted to the arbitrator. There was no dispute about that issue in the Did they agree? Your present position, backside of the agreement controlled. And the district court had authority to set aside the arbitrators for decision based on it, even if the backside of the agreement was never submitted to the return. There was no agreement on that issue, because it was never before the court. Well, the question is, what was before the arbitrator? And my question to you is, did anybody before the district court rule, tell district court, this provision next is relying on was never brought to the attention of the arbitrator? No, Your Honor, because no one was aware of that issue. At that time, the parties, all the attorneys knew that the arbitration itself was about the provision of termite control services. And what the district court's decision was made, based on lack of knowledge, or at least at the time the district court made his decision, it was not aware that that provision either wasn't or may not have been brought to the attention of the arbitrator. At the very least, there was no evidence that it was brought to the attention of the arbitrator. Your Honor, it was brought to the attention. It was brought to the attention of the arbitrator in two ways. And I can point those out to you. Number one, the 2010 provision, I'm sorry, the 2010 contract. I thought counsel, counsel, you're you're fighting the record. I thought there was an affidavit that you submitted on behalf of your client. Attorney said, I can't that it was submitted. That same affidavit, Your Honor points out that the 2010 agreement was raised to the arbitrator in two separate ways. Number one, it was raised in Terminex's answer to the arbitration demand, which specifically cited the 2010 arbitration provision. I'm sorry, the 2010 contract in its answer. And so that affirmative defense was raised in Terminex's answer. And it specifically said that that on the issue of attorneys fees, quote, to the extent the claimant seek recovery, recovery of attorneys fees, interest and or costs, such damages are are precluded under the contractual limitations contained in the applicable termite agreement and the termite. That doesn't mean that the language that you're relying on in general terms was brought to the attention of the arbitrator. Arbitrators studying the case, making his decision and what he's got, which far as the record shows, was just the front page. And he reads your argument. He says, no, it doesn't. And he makes his decision. Then you get to the district court and you get the district court to set aside his decision, something in language that very well may not have been put before him. And Your Honor, like this court held last year in Girardi versus Citigroup, an arbitration agreement is jurisdictional. And in other words, the it's what gives the arbitrator his authority, regardless of whether it is or is not presented to the arbitrator. And the appellants cannot cite any legal authority standing for the proposition that an arbitrator's jurisdiction or his authority can be altered by whether an arbitration agreement is, quote, in the record. There is no express record in arbitration. And it's said another way. Once the parties agree on an arbitrator's jurisdiction, that jurisdiction is fixed and there isn't any sort of evidentiary prerequisite for that jurisdiction to become effective. And they never agreed that the arbitrator had jurisdiction to rule on something that wasn't before. I'm sorry, could you repeat your question? I'm not sure I understood it. There wouldn't be any point. I'm taking you over. I won't take you any further. Thank you, Mr. Gibson. We have your argument. Mr. Cochran, you have reserved some time. Thank you, your honors. I just want to briefly address one issue that was made by opposing counsel. He stated that in their answer that they specifically cited the language from the arbitration clause that was on the backside of the termite contract. That is factually incorrect. The answer, which is document 1-3 of the record on page 3 of 7, Terminex makes a contractual limitations on damages argument. However, they are not citing the arbitration clause. They're citing the general contractual limitations in the contract. I would invite the court to read that should it so desire, but it does not in any way quote the language from the arbitration agreement on the back of the 2010 contract. I would also like to point out, as this court did in Terminex versus Palmer, Terminex made the argument that the case should go to arbitration. In that particular case, there was an issue as to whether or not Terminex raised all of the rules or cited all of the rules under the AAA. The court said, well, it doesn't look like they did in front of the district court and it doesn't look like they did even in front of the 11th circuit. However, we're going to go under Rule 1 of the AAA rules. When a party invokes the AAA or the AAA rules, the AAA rules are deemed to be essential terms of the consumer agreement. Those rules that are considered essential terms of the party's agreement include under Rule 44 that the arbitrator shall grant any remedy, relief, or outcome that the parties could have received in court. And in the filings that were made by Terminex, they do not dispute and did not dispute before the arbitrator that he could. They argued that he should not make the finding that he did. Mr. Cochran, may I ask you a question? I'm looking at Document 1-2, which is the demand for arbitration, which specifically says on Section 7, it has to attach, send the form, and this is signed by Terminex and by the Peebles, a clear legible copy of the contract containing the party's agreement to arbitrate disputes. Then as part of that, you have again on page 4, 5, 6, 7, 8, and 9, what is clearly marked as contract date 10-13-2014. So I don't see anything here that was submitted to the arbitrators that suggested that this contract was a 2010 contract. That the contract that gave rise to the arbitration was not, it was the 24th contract, which by the way, states that any claim, and this court recently held just two months ago in another Terminex case where they sought to vacate an arbitral award, that any means all. So all claims, all disputes, all controversies regarding any, which means all out of or relating to this agreement or the relationships, plural, of the parties. By referencing any, which means all contracts, this is the broadest arbitration language possible. There was no argument that was made that the arbitration clause that we cited and to initiate the arbitration clause was not sufficiently broad to give the arbitrator his authority to hear the case. Well, you've got 30 seconds, Mr. Cochran. I will see my 30 seconds. All right. Well, thank you, Mr. Cochran and Mr. Gibson. Thank you.